IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:15CR140 |
| vs. | GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SURPRESS |
| ALONDRA M. REBOLLEDO, | |
| Defendant. | |

COMES NOW the United States of America, by and through the undersigned Special Assistant United States Attorney for the District of Nebraska, Douglas J. Amen, and hereby submits this response to the Defendant's Brief in Support of Motion to Suppress Evidence (Filing No. 13).

## FACTUAL BACKGROUND

On January 23, 2015, Investigators Mark Plowman and Richard Lutter of the Nebraska State Patrol were assigned to the Commercial Interdiction Unit in Omaha, Nebraska. While conducting routine surveillance, Investigator Plowman learned the passenger (later identified as Alondra Rebolledo hereinafter "the Defendant") in room 10 in sleeper car 631 had purchased a one-way ticket within twenty-four hours of departure. Investigator Plowman and Investigator Lutter went to sleeper car 631, knocked on the door, and waited until the Defendant opened the door.

At the time of this initial contact, both investigators were in civilian clothes. Investigator Plowman introduced himself as law enforcement and displayed his badge and identification. Investigator Plowman asked the Defendant for both her identification and train ticket. The Defendant produced her California identification and train ticket. The Defendant told

1

Investigator Plowman that she was travelling from her home in California to Naperville, Illinois to visit family and friends for a few days. After a brief inspection of the Defendant's identification and train ticket, Investigator Plowman returned them to the Defendant.

Investigator Plowman then explained that he was checking to make sure there were no illegal items such as drugs or explosives on the train. After explaining the purpose of his visit, Investigator Plowman asked the Defendant if she had any drugs in the room, including cocaine. The Defendant answered "no" to Investigator Plowman's questions about drugs. Investigator Plowman asked the Defendant if she would mind if he conducted a search of her passenger car. She answered "Go ahead".

At this point, the Defendant stood in the hallway of the train car with Investigator Plowman while Investigator Lutter conducted a search of the Defendant's passenger car. During the search, Investigator Lutter found two baggies of suspected cocaine in the Defendant's shoes, which she had left on the bed. Once he found the suspected cocaine, Investigator Lutter signaled to Investigator Plowman to take the Defendant into custody. Investigator Plowman handcuffed the Defendant and led her off the train. Once off the train, Investigator Plowman read *Miranda* rights to the Defendant and asked her if she understood each right as he read it. The Defendant indicated that she understood after each right was read to her.

## ARGUMENT

Encounters between police and citizens fall into three categories: (1) consensual or voluntary encounters, which are not seizures and do not implicate the Fourth Amendment, *Florida v. Bostick*, 501 U.S. 429 (1999), *Florida v. Royer*, 460 U.S. 491 (1983); (2) investigative detentions, which are seizures of limited scope and duration within the meaning of the Fourth Amendment and must be supported by a reasonable, articulable suspicion of criminal activity,

*See*, *Terry v. Ohio*, 392 U.S. 1 (1968); *Reed v. Georgia*, 448 U.S. 438 (1980); *United States v. Sokolow*, 490 U.S. 1 (1989); and (3) physical arrests which must be supported by probable cause. *See*, *United States v. Johnson*, 326 F.3d 1018, 1021 (8th Cir.), *cert denied*, 124 S.Ct. 425 (2003).

A consensual encounter becomes a *Terry* stop when the questioning is so "intimidating, threatening or coercive that a reasonable person would not have believed himself free to leave." *Bostick,* 501 U.S. at 434–35. The encounter between the Defendant and Investigator Plowman was entirely consensual, until Investigator Lutter found what he believed was cocaine in the Defendant's shoes.

In determining whether the Defendant voluntarily consented to the search of her sleeper car, this Court must consider "the totality of the circumstances surrounding the alleged consent, paying particular attention to the following factors: personal characteristics of the defendant, such as age, education, intelligence, sobriety, and experience with the law; and features of the context in which the consent was given, such as the length of detention or questioning, the substance of any discussion between the defendant and police preceding the consent, whether the defendant was free to leave or was subject to restraint, and whether the defendant's contemporaneous reaction to the search was consistent with consent". *United States v. Va Lerie*, 424 F.3d 694, 709 (8th 2005) (*en banc*). Circumstances that might indicate when an encounter becomes a seizure include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *United States v. White,* 81 F.3d 775, 779 (8th Cir. 1996); *U.S. v. Hathcock*, 103 F.3d 715, 718-719 (8th Cir. 1997).

The United States expects the credible evidence will demonstrate the Defendant is an adult female who demonstrated reasonable intelligence, who did not appear under the influence of either a controlled substance or alcohol, and displayed the wherewithal to engage in conversation with Investigator Plowman. Investigator Plowman identified himself as a law enforcement officer and, though armed, Investigator Plowman will testify that neither he nor Investigator Lutter exposed their weapons during their encounter with the Defendant.

In addition, there were only two officers present during the initial encounter. They used neither physical force nor language which would suggest compulsion from the Defendant. Investigator Plowman spoke with the Defendant for approximately six minutes before Investigator Lutter found contraband. During this time, Investigator Plowman asked the Defendant about her travel plans, her employment status, and explained to her why law enforcement was on the train. The conversation was casual, not hostile or aggressive. When Investigator Lutter began searching the Defendant's passenger car, she never complained or objected to the search, this is consistent with someone who consents to the search and was not coerced or compelled to allow it.

Finally, Investigator Plowman only arrested the Defendant once Investigator Lutter indicated he found contraband. It is at this point the encounter escalated beyond a consensual encounter, implicating the Fourth Amendment. Investigator Plowman arrested the Defendant, lead her off the train *Mirandazed* her. She indicated that she understood them, invoked them, and did not wish to make a statement.

## CONCLUSION

For the reasons stated herein, the United States respectfully requests this Court find as follows: the initial encounter between the Defendant and Investigators Plowman and Lutter was consensual; the Defendant knowingly and voluntarily consented to a search of her passenger car; during the search Investigator found suspected contraband sufficient to provide probable cause for an arrest; and after arrest the Defendant was advised of and understood her *Miranda* rights.

WHEREFORE, the Plaintiff requests the Defendant's Motion to Suppress be denied.

                                              Respectfully submitted,

                                              DEBORAH R. GILG
                                              United States Attorney

By:          s/Douglas J. Amen
              DOUGLAS J. AMEN, #25202
              Special Assistant United States Attorney
              1620 Dodge Street, Suite 1400
              Omaha, Nebraska 68102-1506
              Phone: (402) 661-3700

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: attorney on record.

                                              s/Douglas J. Amen
                                              DOUGLAS J. AMEN
                                              Special Assistant U.S. Attorney