IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:15CR140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | SENTENCING MEMORANDUM AND |
| vs. | ) | MOTION FOR VARIANCE |
| | ) | |
| ALONDRA M. REBOLLEDO, | ) | |
| | ) | |
| Defendant. | ) | |

When Ms. Rebolledo agreed to act as a "mule" being paid to transport drugs from California to Chicago, she was desperate to raise funds to allow her to begin the process of reestablishing her relationship with her two daughters, who lived with Ms. Rebolledo's ex-husband, who had been granted custody in their divorce. Ms. Rebolledo's thought process was that she needed significant funds to both help reduce her child support arrearage, and to hire an attorney to bring the matter back before the court. Obviously, her choice of methods with which to raise such funds, as well as her prior employment activities set forth in Paragraph 108, are not legally defensible. But they reflect the thought process of someone who was on their own, as they had been for many years, too stubborn to ask for help from estranged family members, and without any other type of social network that could assist her or provide reasonable advice or guidance in her efforts to achieve a worthwhile goal.

Ironically, the reaction of her family members, including her ex-husband, to Ms. Rebolledo's arrest, has been their significantly increased cooperation with and empathy for her. Her ex-husband has cooperated in facilitating increased contact with their two daughters. Her family members have assisted in providing for legal representation, and have provided information to the probation office and the court in support of Ms. Rebolledo.

Obviously, no one would suggest doing what Ms. Rebolledo did, or the legal ramifications it has brought upon her, as a positive development in one's life. However, the experience has had its silver lining, showing Ms. Rebolledo, who previously felt that

she was totally on her own, without the type of family and other support that many of us take for granted, that this did not have to be her lot in life.

Despite the positive developments that have occurred subsequent to Ms. Rebolledo's arrest in this matter, she now finds herself pending sentencing by this Court, with a sentencing guidelines range suggesting a sentence of over three years in prison. But that suggested range does not control this Court's decision, and our request is that the Court sentence Ms. Rebolledo to a term significantly less than that called for by the guidelines. One factor in support of this request is her personal history, which mitigates, to a significant extent, how Ms. Rebolledo came to the point in her life where she would agree to engage in this behavior in return for a relatively small sum of money (which she never got paid). Another factor is her full acceptance of responsibility, and indication of the insight that she has gained with regard to her own responsibility and her relationships following her arrest. A third factor is her rehabilitation efforts, which have been as much as is achievable while incarcerated here in Nebraska, a location distant from any friends or family. The factors set forth in 18 USC §3553 are the ones that control this Court's sentencing decision. That statute requires a sentence sufficient of but not greater than necessary, to comply with the purposes set forth in that statutory provision. Our request to the Court is that a sentencing in the range of 12 – 18 months would meet those requirements and the ends of justice in this matter.

Respectfully submitted,

ALONDRA M. REBOLLEDO,
Defendant

s/James J. Regan
James J. Regan  #15743
6035 Binney Street
Omaha, NE  68104
(402) 341-2020
Attorney for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on October 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Douglas J. Amen, Assistant United States Attorney.

s/James J. Regan